IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JONATHAN SCARBOROUGH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 15-2308-JWL |
| ) | |
| FEDERATED MUTUAL INSURANCE ) | |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| _____) | |

## **MEMORANDUM AND ORDER**

This matter, in which plaintiff asserts claims against his former employer, comes before the Court on the motion by defendant Federated Mutual Insurance Company ("Federated") to transfer venue pursuant to 28 U.S.C. § 1404(a) (Doc. # 9). Because the Court concludes that the mandatory forum selection clause contained in plaintiff's employment agreement applies to the claims asserted here, the Court **grants** the motion, and this case is hereby transferred to the United States District Court for the District of Minnesota.

### I.   **Background**

The following facts are undisputed. Plaintiff began his employment with Federated in 1998. In 2012, plaintiff accepted a new position with Federated as a

Regional Marketing Manager, and he transferred from Alabama to Federated's office in Overland Park, Kansas. On August 29, 2012, as a result of plaintiff's acceptance of the new position, the parties executed a "Regional Marketing Manager Employment Agreement" ("the Agreement"). Section 17 of the Agreement provided as follows:

> The validity, construction and performance of this Agreement shall be governed exclusively by the laws of the State of Minnesota without regard to conflicts of laws principles of any state. The parties expressly recognize and agree that the implementation of this Section 17 is essential in light of the fact that Federated has its corporate headquarters within the State of Minnesota, and there is a critical need for uniformity in the interpretation and enforcement of the employment agreements between Federated and all other employees subject to a written Agreement, including Regional Marketing Manager. *Any disputes arising out of or related to this Agreement shall be litigated only in Minnesota courts* and Federated and Regional Marketing Manager [plaintiff] hereby consent to the exercise of personal jurisdiction over them for that purpose exclusively by Minnesota courts. Neither Federated nor Regional Marketing Manager shall commence litigation against the other arising out of or related to this Agreement in any court outside the state of Minnesota.

(Emphasis added.)

In December 2014, plaintiff filed the present action in Kansas state court. Plaintiff asserts a claim for breach of contract, based on his allegations that in August 2014, he was offered and accepted a new position with Federated in Tennessee; that he was given a written transfer letter with details about his new position and his compensation; that his reliance, his loyalty, and Federated's past course of conduct in never terminating a person in plaintiff's position created an implied employment contract for the new position; and that Federated terminated plaintiff's employment in August 2014 in breach of the implied contract. Plaintiff also asserts a claim for unjust

2

enrichment, based on his allegation that Federated has failed to pay bonuses and awards that he earned over the course of his 17-year employment.

Federated removed the case to this Court. Federated now seeks transfer of the case to the United States District Court for the District of Minnesota pursuant to Section 1404(a), based on the forum selection clause contained in the Agreement.

**II.     Analysis**

The Supreme Court has held that a motion to transfer venue pursuant to Section 1404(a) is the appropriate vehicle to enforce a forum selection clause. *See Atlantic Marine Constr. Co., Inc. v. United States Dist. Ct. for the W. Dist. of Texas*, 134 S. Ct. 568, 581 (2013). In deciding a motion to transfer based on a valid forum selection clause, the court does not give any weight to the plaintiff's choice of forum or arguments about the parties' private interests, and "the plaintiff bears the burden of establishing that transfer to the forum for which the parties bargained is unwarranted." *See id.* at 581-82. The court may only consider arguments about public-interest factors, but "those factors will rarely defeat a transfer motion." *See id.* at 582. The Supreme Court concluded that "[i]n all but the most unusual cases," the "interest of justice" (the standard in Section 1404(a)) is served by holding parties to their bargained-for forum selection clause. *See id.* at 583. Thus, if there is a valid forum selection clause, "[o]nly under extraordinary circumstances unrelated to the convenience of the parties should a § 1404(a) motion be denied." *See id.* at 581.

The first issue for the Court in this case is whether plaintiff is subject to a valid forum selection clause. Plaintiff seems to suggest in his brief that, after he accepted the new position with Federated, he was no longer subject to the clause in his written employment agreement, which applied to his position as a Regional Marketing Manager. The Court rejects any such argument. In his affidavit, plaintiff states that he accepted a new position with Federated as a Special Account Representative in early August 2014; that he was given a written transfer memorandum dated August 7, 2014; that he officially ceased acting as a Regional Marketing Manager on August 13, 2014; that employees were advised of his new position by e-mail on August 15, 2014; and that Federated terminated his employment on August 20, 2014. Both the transfer memorandum and the e-mail attached to the affidavit, however, indicate that plaintiff's transfer to his new position would occur on September 1, 2014.[1] Thus, by plaintiff's own evidence, he had not yet started in his new position at the time of his termination.

Moreover, even though the Agreement refers to plaintiff's employment with Federated as a Regional Marketing Manager, there is nothing in the Agreement to indicate that the Agreement would be canceled or terminated once plaintiff left that position. To the contrary, the Agreement includes provisions, such as non-competition provisions, that are clearly intended to survive the end of plaintiff's time in that position.

---

[1]Federated also notes that the transfer memorandum supplied by plaintiff is stamped as a "DRAFT" and refers to plaintiff's new position as a Senior Marketing Representative.

4

Nor has plaintiff alleged or provided evidence that the Agreement was terminated or canceled—either by one of the parties to the Agreement or by operation of some provision of the Agreement—prior to the termination of his employment.

Accordingly, the Court concludes that plaintiff remains subject to the Agreement's forum selection clause. Plaintiff has not argued that the clause is unreasonable or offered any other argument against the clause's enforceability. *See M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972) (forum selection clause should be enforced unless it is clearly shown "that enforcement would be unreasonable and unjust, or that the clause [is] invalid for such reasons as fraud or overreaching"). Therefore, the Court concludes that the forum selection clause in this case should be enforced.

The next issue is whether the present action falls within the scope of the clause in the Agreement, which applies to all disputes "arising out of or related to" the Agreement. Plaintiff appears to argue that his claims fall outside the scope of the forum selection clause because he is asserting a breach of an implied contract based on his termination from the new position; and because in his unjust enrichment claim he seeks bonuses that he was denied because of the wrongful termination and that he earned over the entirety of his 17-year employment with Federated. The Court concludes, however, that plaintiff's claims fall within the scope of the forum selection clause agreed by the parties.

First, as Federated notes, the Agreement expressly provided that plaintiff's

5

employment could be terminated by Federated at will. Thus, in resolving any claim of a wrongful termination, the court will be required to consider the applicability of that provision, and the claim is therefore related to the Agreement. Similarly, plaintiff's claim for unpaid bonuses, even if allegedly earned prior to the execution of the Agreement, will require consideration of the Agreement's compensation provisions, including the provision that the payment of bonuses lies within the discretion of Federated. Finally, plaintiff's claims further implicate the Agreement because, as Federated points out, the existence of a written agreement may preclude the assertion of any claims based on theories of implied contract and unjust enrichment under Minnesota law (the law to which the parties agreed in the choice-of-law provision in Section 17 of the Agreement). *See, e.g.*, *Reese Design, Inc. v. I-94 Hwy. 61 Eastview Ctr. Partnership*, 428 N.W.2d 441, 446 (Minn. Ct. App. 1988) ("Where an express contract exists, there can be no implied contract with respect to the same subject matter.") (citing *Schimmelpfennig v. Gaedke*, 27 N.W.2d 416 (Minn. 1947)); *Sharp v. Laubersheimer*, 347 N.W.2d 268, 271 (Minn. 1984) ("proof of an express contract precludes recovery in quantum meruit") (quoting *Breza v. Thaldorf*, 149 N.W.2d 276, 279 (Minn. 1967)). Accordingly, the Court concludes that plaintiff's claims do fall within the scope of the Agreement's forum selection clause to which plaintiff is subject.

Plaintiff has not argued—and this Court has no basis to conclude—that this case presents circumstances so extraordinary that a valid forum selection clause should not be enforced under to the Supreme Court's decision in *Atlantic Marine*. Thus, plaintiff

cannot satisfy his burden to show that transfer of the case to the agreed forum is unwarranted, and the Court grants Federated's motion.

IT IS THEREFORE ORDERED BY THE COURT THAT defendant Federated's motion to transfer venue (Doc. # 9 ) is **granted**, and this case is hereby transferred to the United States District Court for the District of Minnesota.  The Clerk of the Court is ordered to preform all acts necessary to effect this transfer.

IT IS SO ORDERED.

Dated this 27th day of March, 2015, in Kansas City, Kansas.

                                       s/ John W. Lungstrum
                                       John W. Lungstrum
                                       United States District Judge